DAVIS & ROESCH TEMPERATURE CONTROLLING CO. v. ROESCH et al.

(Circuit Court of Appeals, Second Circuit. June 29, 1907.)

No. 276.

PATENTS—INFRINGEMENT—PRESSURE GOVERNOR.

The Roesch patent, No. 717,122, for a pressure governor, claim 5, held valid and infringed by one hot water regulator made by defendants, but, in view of the narrow construction which must be given it on account of the prior art, not infringed by a second regulator.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

On appeals by both parties from a decree of the Circuit Court for the Eastern District of New York holding valid claim 5 of letters patent, No. 717,122, issued to Alfred Roesch, December 30, 1902, for an improvement in pressure-governors. The decree adjudged that the defendants have infringed the said claim by making and selling a hot water regulator known and designated as "Exhibit A." From this part of the decree, the defendants appeal. The decree further adjudged that the defendants did not infringe by making and selling a regulator known as "Exhibit B." From this part of the decree, the complainant appeals. The opinion of the Circuit Court is reported in 148 Fed. 713.

James C. Chapin, for complainant.
Seabury C. Mastick, for defendants.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. In view of the prior art, showing that the field of invention was a narrow one, and in view of the express limitations of the fifth claim, we think that the judge of the Circuit Court was correct in holding that it cannot be construed to cover the defendants' apparatus known as "Exhibit B." This exhibit, a drawing of which appears in the opinion below as printed in the Federal Reporter, does not contain the second element of the combination of the claim, viz., "two oppositely-opening valves fitted to said casing to engage said seats and arranged in line with each other," unless a construction is placed on the claim which ignores the obvious meaning of the language employed and is unwarranted by the prior art.

As to Exhibit A, we agree with the complainant's expert that it is "an exact and complete embodiment of what is set forth in claim five of the Roesch patent."

We find it unnecessary to add anything further to the opinion of Judge Thomas who, we think, correctly disposed of all the issues presented.

The decree is affirmed, without costs of this court.

TOWNSEND, Circuit Judge, heard the argument and participated in the preliminary consultation.